JOHN E. LEWIS *vs.* ANDREW SCANLAN.

*Attachment for Rent—Landlord and Tenant—Statute—Notice— Waiver of Notice—Acceptance of the Premises.*

1. If neither the landlord nor tenant give the written notice required by the statute, the lease will be extended and the tenant will be liable for the rent for another year, unless the landlord has waived such notice, and accepted the surrender of the premises.

2. The acceptance of another person by the landlord as tenant, and the receipt of rent from such person as such tenant, would amount to such waiver and acceptance.

3. A verbal request for, and acceptance of, such written notice at a shorter time than three months, accompanied by an actual acceptance of the premises by the landlord. would operate as a waiver. But an oral request on the part of the landlord that such written notice, at a shorter time, should be given by the tenant, and the giving of such notice, would not alone operate as a waiver of the statutory notice.

4. A landlord may accept the key of the house, and take possession of the property for the preservation thereof; he may even attempt to rent it, on account of the tenant. But such acts will not amount to a waiver of notice and acceptance of the premises. To relieve the tenant there must be some such action on the part of the landlord as clearly to indicate that he considered and treated the estate of the tenant at an end.

(*June 1, 1901.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Charles B. Evans* and *J. Harvey Whiteman* for plaintiff.

*L. Irving Handy* for defendant.

Superior Court, New Castle County, May Term, 1901.

*Attachment* for rent growing due (No. 44, May Term, 1901).

The facts appear in the charge of the Court.

LORE, C. J., charging the jury :

Gentlemen of the jury:—The question you are to determine is an issue in proceedings in attachment for rent, which is framed in the following words: "Whether the plaintiff, John E. Lewis, has a just demand for rent against the defendant, Andrew Scanlan, and if so, the amount thereof."

The plaintiff claims that under a lease in writing, dated January 18, 1900, one Thomas O. Smith became the tenant of a house and lot of ground belonging to the plaintiff, situate in the town of Newark in this county, for the term of one year from the twenty-fifth day of March, 1900, at the rent of $252 per annum, to be paid in monthly portions of $21 each; that by endorsements on the said lease signed by said Smith, and by the plaintiff and defendant, dated August 27, 1900, the defendant, Scanlan, was accepted by the plaintiff as tenant of the said premises, in lieu of said Smith. That pursuant thereto, Scanlan entered into possession of the premises as such tenant. That no written notice for the termination of said tenancy was given three months or upwards before March 25, 1901, the end of the term named in said lease; that thereby the term of said lease was extended for another year, from March 25, 1901, to March 25, 1902, and that the defendant is liable for said rent, although he did not occupy the premises after March 25, 1901.

The defendant claims, on the other hand, that although he did not give notice in writing three months or upwards before the end of the term named in the said lease, that he did give a written notice on the twenty-second day of February, 1900, over one month before the end of the said term, at the instance of the plaintiff himself; that the plaintiff accepted such notice, received the key of said house and attempted to rent it to other persons; and that therefore the defendant is not liable for the rent so claimed.

The provision of our statute in this respect is as follows:

"If there be a demise for a term of one or more years, and three months or upwards, before the end of the term, either the landlord do not give notice in writing to the tenant in possession to

remove, or the tenant do not give like notice to the landlord of his intention to remove from the premises, the term shall be extended for another year, for which the tenant shall pay the rent, and all the stipulations of the demise shall continue in force."

If, therefore, no such notice was given as required by the statute, either by the landlord or by the tenant, the term of the said lease was extended and the defendant is liable for the rent for the year ending March 25, 1902, unless said plaintiff has waived such a notice and accepted the surrender of the premises.

The acceptance of another person by the landlord as tenant, and the receipt of rent from such person as such tenant, would amount to such a waiver and acceptance.

So a verbal request for, and acceptance of such a written notice at a shorter time than three months, accompanied by an actual acceptance of the premises by the landlord, would operate as a waiver.

But oral request on the part of the landlord that such written notice, at a shorter time, should be given by his tenant, and the giving of that notice, would not alone operate as a waiver of statutory notice.

A landlord may accept the key of the house, and keep it in his possession, open and air the building, and take all proper possession thereof for the preservation of his property after it has been abandoned by the tenant, if it be merely for such purpose. He may even attempt to rent the property to another person, if he does so on account of such tenant. Such acts on the part of the landlord for the purposes named would not amount to a waiver of notice and an acceptance of the premises. To relieve the tenant from his liability for rent, there must be some such action on the part of the landlord as clearly to indicate that he considered and treated the estate of the tenant at an end.

We cannot instruct you as asked by the plaintiff that you must remder a verdict for the plaintiff; there is evidence in the case for you to pass upon. From that evidence, guided by the law

as we have above stated it, it is for you to say whether there has been any such waiver of notice and acceptance of the premises on the part of the plaintiff as is claimed by the defendant.

Verdict: Judgment for plaintiff for $252, payable in monthly installments on the 25th day of each month commencing April 25. 1901, and ending March 25, 1902.